ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Besal Al-Reeh Company | )      ASBCA No. 58612 |
| | ) |
| Under Contract No. W90VCM-09-M-0191 | ) |

APPEARANCE FOR THE APPELLANT:    Mr. Anmar Abdul Kareem
    Owner

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    CPT Michael E. Barnicle, JA
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE TUNKS ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Besal Al-Reeh Company (Besal or appellant) has filed a notice of appeal (NOA) with the Board seeking compensation due to the cancellation of a contract to deliver solar lights to Al Asad Air Base, Iraq. Because Besal has not requested a contracting officer's (CO's) final decision followed by a decision or a deemed denial, we lack jurisdiction to decide the appeal.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On 11 December 2008, the Joint Contracting Command Iraq/Afghanistan (JCC-I/A) awarded a commercial items contract in the amount of $31,700 to Besal for six SE-50 EverGEN Solar Area Lighting Systems manufactured by Carmanah (R4, tab 1 at 1-2 of 17). The delivery date was 27 December 2008 (R4, tab 1 at 3 of 17). After the lights were delivered, the CO questioned whether they were manufactured by Carmanah. He contacted Carmanah and sent a small photograph of the lights to find out whether or not Carmanah had manufactured the lights. Carmanah responded that it was not the manufacturer of the lights. (R4, tab 2) On 2 September 2009, the CO issued Modification No. P00001, cancelling the contract and reducing the contract value to $0.00 (R4, tab 3).

2. Besal filed a NOA with the Board on 8 April 2013 and filed its complaint on 13 April 2013. Besal attached a photocopy of what purported to be an invoice for the lights dated 29 March 2009 to its complaint. Besal also attached photographs of what appears to be several light fixtures of various sizes, several car batteries, and what appear to be battery covers. The contract called for six solar lights. On 7 May 2013,

Ms. Joan Wysoske, the Reachback CO for this contract, executed an affidavit which stated, in part, as follows:

> 3. To date, the appellant has not submitted [a] valid claim or any other claim documentation...concerning the Contract as required by the Contract Disputes Act, 41 U.S.C. § 7103 and FAR 52.233-1 DISPUTES (JUL 2012).

(R4, tab 4)

## DECISION

Our jurisdiction to decide an appeal involving a contractor claim depends on the prior submission of the claim to a CO for a decision and a final decision on, or deemed denial of, the claim. 41 U.S.C. § 7103; *see also Taj Al Safa Co.*, ASBCA No. 58394, 13 BCA ¶ 35,278 at 173,157.

Although the term "claim" is not defined in the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, FAR 2.101 defines a claim as follows:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.... A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the [CO] as provided in [FAR] 33.206(a), if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

The CDA does not dictate a particular wording for a claim or the precise format it must take, provided the writing furnishes "a clear and unequivocal statement that gives the [CO] adequate notice of the basis and amount of the claim." *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987). "[T]he CDA also requires that all claims be submitted to the [CO] for a decision." *James M. Ellett Construction Co. v. United States*, 93 F.3d 1537, 1543 (Fed. Cir. 1996). Besal's invoice of 29 September 2009 was a routine request for payment and is not a claim. FAR 2.101.

Since Besal did not submit a claim to the CO before it filed its NOA with the Board, we lack jurisdiction to decide the appeal.

2

CONCLUSION

The government's motion is granted. The appeal is dismissed without prejudice to the submittal of a claim to the CO.

Dated: 23 September 2014

ELIZABETH A. TUNKS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58612, Appeal of Besal Al-Reeh Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3